# $\mathfrak{Staunton}$

JAMES D. JOHNSTON V. S. E. KELLEY, ET ALS.

September 9, 1938.

Present, All the Justices.

The opinion states the case.

*M. P. Farrier,* for the appellant.

No appearance for the appellee.

GREGORY, J., delivered the opinion of the court.

In 1923, V. D. Johnston, trading as Johnston Motor Company, filed a bill in chancery for the purpose of enforcing a judgment which had been obtained by the company against Mrs. S. C. Kelley and S. E. Kelley by subjecting their interest in certain real estate located in the city of Roanoke. There were at the time three infants who were also parties interested in the property.

After the cause had been referred to a commissioner in chancery for an account and after it had appeared to the court that the property was not divisible in kind, the court ordered a sale of the property and a special commissioner was duly appointed to make this sale.

After proper advertisement the special commissioner sold the property at public auction in July, 1925, and J. D. Johnston became the purchaser. The court confirmed the sale.

Later the special commissioner complained that the purchaser would not settle for the property. The purchaser complained that he could not settle for the reason that the special commissioner resided at Marion, Virginia, a distance of 100 miles from Roanoke. Nothing was done in the cause and it was dismissed from the docket under the five year rule.

In 1933, the cause was reinstated upon the docket and referred to another commissioner in chancery who was directed to ascertain and report: "Whether or not former decrees had been complied with. What has been paid by the purchaser, and to whom, and when and why? What sums the infant defendants are entitled to, and whether their claims have been satisfied. To investigate, determine and report on all matter and things pertinent to this cause, which to equity shall seem meet."

At the hearing before the second master commissioner, J. D. Johnston, the purchaser, claimed that he was the owner of the judgment upon which the suit had been brought and that he had marked the same satisfied. He also claimed that he had paid directly to the parties interested in the property their respective interests, though some of them were infants, and that he had not settled with the commissioner because it was not convenient to do so.

While the cause was pending before the second commissioner in chancery, the prior owners of the property, who were defendants to the original cause, filed a petition against J. D. Johnston in which it was alleged that Johnston had sold the property to Mrs. S. C. Kelley and that she had paid him $500 in cash and had paid to him forty-one notes of $15 each, but that he had failed and refused to deliver a deed to her. She asked in the petition that Johnston be required to refund to her the sums which she had paid on the repurchase of the property, that he be required to render a full and complete account of all funds which had come into his hands in connection with the transaction, and that Mrs. S. C. Kelley be allowed to repudiate any obligation that arose by reason of the said contract to repurchase the property.

J. D. Johnston filed a demurrer and a motion to strike out the petition. No action was ever taken by the court upon this demurrer and motion.

Later the commissioner in chancery filed his report in which it was shown that J. D. Johnston still owed a sum of $1,273.50, $111.36 of which was the balance of unpaid

purchase money for the property which had been sold to him by the special commissioner, and the residue he had collected from Mrs. Kelley upon a resale of the property to her, which sale he failed to consummate. He filed exceptions to this report. The court did not pass upon the exceptions.

Later, the court issued a rule and attachment against J. D. Johnston to show cause why he should not be fined and attached for contempt in failing to comply with the terms of the original purchase. He filed a motion to discharge the rule and at the same time filed an answer to it. No action was taken upon this motion nor were the issues raised in the answer passed upon. They were specifically reserved by the court.

A resale of the property was ordered at Johnston's expense and it is from the decree ordering the resale that he now appeals.

It was assigned as error that the decree directing a resale of the property was prematurely entered in that the lower court had not passed upon the issues made by the petition filed by Mrs. Kelley and others against J. D. Johnston, the demurrer which he interposed and the motion to strike out the petition. Also that the lower court had neither affirmed nor disaffirmed the second report of the commissioner in chancery and had failed to pass upon the exceptions filed by him to said report, and that the lower court failed to pass upon his motion to discharge the rule for contempt and his answer thereto before the decree complained of was entered.

In the ordinary chancery suit the points made in the assignment of error are generally conceded to be sound. Where material issues are raised by the pleadings in a creditors' suit, it is premature to enter a decree for the sale of property until after these issues have been decided. Here there were several issues raised in the pleadings which had not been decided prior to the entry of the decree of *resale* of the property. However, before the *original sale,* the cause had been referred to a master commissioner who

was directed to take an account and to report to the court. This he did and his report was duly confirmed.

We have been unable to find that the appellant has been in any manner prejudiced by the decree for the resale.

This cause has been pending for fifteen years. The purchase price of the property under the original decree of sale was all due and payable by J. D. Johnston two years after the sale. He admits in his petition for the appeal and also in his answer to the rule which the lower court issued against him that he paid a portion of the money to infants and others rather than to the special commissioner and that he still owes a substantial part of it. This balance has been due by him for many years.

Unless the court otherwise directs, the commissioner of sale is the only person authorized to collect the proceeds of a judicial sale and he is the only person to whom the purchaser is permitted to make payment. After the money has been collected the commissioner of sale disburses it in accordance with the order of the court. When a purchaser is in default by reason of not complying with the terms of sale and failing to make the deferred payments to the special commissioner, the court may, after the service of a rule to show cause, order a resale at the purchaser's risk. That is exactly what was done in this cause. The rule was issued and the appellant moved to discharge it and also filed an answer to the rule. In the answer and in his petition for appeal he admits his failure to comply with the terms of sale. In this situation, the court was bound to order a resale of the property.

The decree is affirmed.

*Affirmed.*